UNITED STATES, Appellee,

v.

Staff Sergeant Daniel L. TENNEY, SSN 334–52–6176, United States Army, Appellant.

CM 442258.

U. S. Army Court of Military Review.

22 Feb. 1983.

Captain Joel R. Maillie, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Thomas R. Peppler, JAGC.

Captain Richard G. Mann, Jr., JAGC, argued the cause for the appellee. With him on the brief were Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of violating Army regulations by using his official position for financial benefit (Specification 1 of Charge I), violating regulations of the U.S. Army Training and Doctrine Command by soliciting money from trainees to purchase floor wax for the barracks (Specification 2 of Charge I), violating the orders of his brigade commander by borrowing money from trainees (Specification 3 of Charge I), accepting monetary contributions from trainees (Specification 4 of Charge I), and soliciting monetary contributions from trainees (Specification 5 of Charge I), in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976). He also was convicted, in accordance with his pleas, of eighteen specifications of larceny from trainees (Charge II and eighteen specifications thereunder), in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976), and one specification of inducing another soldier to steal from trainees (Specification 4 of Charge III), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He pleaded not guilty to numerous other specifications of which he was acquitted. He was sentenced to a dishonorable discharge, confinement at hard labor for twelve months, forfeiture of $100.00 per month for twelve months and reduction to the lowest enlisted grade. The convening authority mitigated the dishonorable discharge to a bad-conduct discharge and approved the confinement, forfeitures and reduction as adjudged.

The appellant was a drill sergeant. All of the offenses involved his soliciting, taking or receiving money from trainees subject to his command. The stipulation of fact and the appellant's responses during the inquiry into the factual predicate for his pleas of guilty to larceny reveal that the money involved in Specifications 1, 4, 5, 7, 10, 12–14, 17–19, and 21 of Charge II, as

well as some of the money involved in Specifications 3, 6, 8 and 9 of Charge II, were obtained when the appellant, through intermediaries, solicited and obtained money from trainees under his command to pay for his personal expenses or those of other noncommissioned officers. The trainees were told that the appellant desired that they "contribute" money for such personal expenses. The record reflects no deceit, trickery or coercion beyond that inherent in the appellant's position of authority over the trainees. All of these specifications will be hereafter referred to as "gift" specifications.

The remaining larcenies of which the appellant was convicted were committed when he, again through intermediaries, solicited money from trainees but deceived the trainees regarding the purpose for which the money was being collected (some of the money involved in Specification 9 of Charge II), or asked for loans which he then had no intention of repaying (Specification 2 and 15 of Charge II and some of the money involved in Specifications 3, 6 and 8 of Charge II).

This case involves issues regarding the punitive nature of the regulations violated, the providency of the pleas of guilty, and multiplicity for sentencing.

I. *Violation of Army Regulation 600–50*

The appellant pleaded guilty to violating Army Regulation 600–50, *Personnel—General, Standards of Conduct for Department of the Army Personnel* (effective 30 September 1977), paragraph 2–1*d*, "by using his official position to induce subordinates to provide financial benefits to himself and others." [1] He now contends that the military judge erred by finding him guilty without judicially noting enough of the regulation to establish its punitive nature. We find this assignment of error without merit.

The appellant admitted that the regulation existed, that he had a duty to obey it, that it prohibited certain conduct, and that he violated the regulation by engaging in prohibited conduct. We hold that it was unnecessary for the military judge to judicially note the Army regulation in view of the appellant's judicial admission of guilt.[2] The appellant's reliance on *United States v. Williams,* 3 M.J. 155 (C.M.A.1977), is incorrect, because *Williams* involved a contested case in which the appellate issue was the sufficiency of the evidence. In a guilty plea case the appellant's guilt is established by his pleas. Accordingly, the military judge correctly based his findings of guilty on the appellant's plea.

II. *Violation of U.S. Army Training and Doctrine Command Regulation 350–6*

The appellant contends, and the government concedes, that U.S. Army Training and Doctrine Command Regulation 350–6, *Training—Initial Entry Training (IET) Policies and Administration* (26 December 1980), is not a punitive regulation. Accordingly, we find the plea of guilty to Specification 2 of Charge I improvident, and we will set aside the findings of guilty of that specification.

III. *Pleas of Guilty to Larceny*

The appellant contends that his pleas of guilty to the "gift" larcenies are improvident because solicitation and acceptance of money from a subordinate is not a larceny. Clearly, one who innocently receives something as a gift does not steal it. *See United States v. Sneed,* 33 C.M.R. 689, 693 (AFBR), *pet. denied,* 14 U.S.C.M.A. 670, 33 C.M.R. 436 (1963).

At common law, a trespass was an essential element of larceny. 52A C.J.S. *Larceny* § 21a (1968); 2 R. Anderson, *Wharton's Criminal Law and Procedure* § 464 (1957). In order to constitute a com-

---

1. This regulatory provision has since been superseded by Army Regulation 600–50, Personnel—General, Standards of Conduct for Department of the Army Personnel (15 August 1982, effective 1 September 1982), paragraph 2–1e, which is substantially the same.

2. Of course, if a regulation is not punitive, the issue may be raised for the first time on appeal. Therefore, it would be wise for military judges to satisfy themselves that a regulation is punitive before accepting a plea of guilty.

mon law larceny, the taking must be against the will of the owner. Prior to the adoption of the Uniform Code of Military Justice in 1950, military law recognized common law larceny as an offense. *See* Article of War 93, Act of June 4, 1920, 41 Stat. 787. As military law evolved, the Articles of War were construed to include larceny by false pretenses and larceny by conversion in addition to common law larceny. *Compare* Manual for Courts-Martial, United States Army, 1928, paragraph 149*g* *with* Manual for Courts-Martial, United States Army, 1949, paragraph 180*g*. The drafters of the Uniform Code of Military Justice intended Article 121 of the Code to proscribe common law larceny, larceny by false pretenses, and larceny by conversion, but they did not intend to expand the scope of Article 121 to include misconduct not included in those three offenses. Consequently, conduct which does not constitute a common law larceny, a larceny by false pretenses, or a larceny by conversion is not punishable under Article 121. *United States v. McFarland,* 8 U.S.C.M.A. 42, 47, 23 C.M.R. 266, 271 (1957); *United States v. Sicley,* 6 U.S.C.M.A. 402, 410 n. 1, 20 C.M.R. 118, 126 n. 1 (1955); *United States v. Buck,* 3 U.S.C.M.A. 341, 343, 12 C.M.R. 97, 99 (1953).

█ In this case it is clear from the plea inquiry that the money was not obtained by false pretenses, nor was it unlawfully converted. The factual premise for the "gift" larcenies was a common law larceny. As applied to common law larceny, the word "wrongfully" in Article 121 means that the taking was without the owner's consent; it does not include a taking which is wrongful only because it violates a regulation or order. Since the plea inquiry reveals that the money was obtained with the consent of the trainees involved, there was no wrongful taking within the meaning of Article 121. Therefore, there was no larceny.

█ The fact that the appellant's responses and the stipulation of fact recite that the appellant "ripped off" trainees or stole from trainees is insufficient to establish a factual predicate for larceny, because a factual predicate cannot be established merely by eliciting legal conclusions from the accused. *United States v. Goins,* 2 M.J. 458, 459 (A.C.M.R.1975); *United States v. Michener,* 46 C.M.R. 427 (A.C.M.R.1972).

Since the conduct admitted by the appellant in the "gift" specifications is not a larceny, we find his pleas of guilty to those specifications improvident and the findings as to those specifications must be set aside. With respect to those specifications involving sums of money composed of both a gift and a loan, we will set aside as improvident that portion of those specifications pertaining to the amount of money solicited as a gift. We will affirm the findings of guilty of Specifications 2 and 15 of Charge II and so much of Specifications 3, 6, 8 and 9 of Charge II as represents the money obtained by false pretenses.

█ Regarding Specification 4 of Charge III, alleging that the appellant induced another to commit larceny, the appellant's responses in the stipulation of fact establish only that the appellant induced another, a soldier who was subject to his orders, to solicit and collect money from trainees. Such conduct is not an inducement to steal, but merely an inducement to solicit a gift. Accordingly, we find the plea of guilty to Specification 4 of Charge III improvident.

### IV. *Multiplicity*

The appellant contends that the disobedience offenses alleged under Charge I are multiplicious with the larcenies alleged under Charge II because the solicitation of money prohibited by the various regulations and orders was the means by which the larcenies were committed. We hold that the disobedience offenses alleged under Charge I are not separate for punishment purposes from each other or the larcenies alleged under Charge II.

█ Offenses may be treated as a single integrated transaction and punishable as a single offense when they arise from a course of conduct having a combination of "like object and insistent flow of events." *United States v. Burney,* 21 U.S.C.M.A. 71,

74, 44 C.M.R. 125, 128 (1971) (footnotes omitted). In larceny cases where the larceny has been committed by acts which, independent of the larceny, are unlawful, the larceny and the separate unlawful acts have been treated as one for sentencing purposes. *See United States v. Kleinhans,* 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964) (opening mail sack and larceny therefrom); *United States v. Dicario,* 8 U.S.C.M.A. 353, 360, 24 C.M.R. 163, 170 (1957) (tampering with mail and stealing money from mail); *United States v. Shrum,* 2 M.J. 996 (A.C.M.R. 1976) (theft from mail and forgery of postal form contemporaneous with theft). Since in this case the appellant committed the larcenies by abusing his position in violation of the regulations and orders set out in the specifications of Charge I, and since such regulations and orders are designed to prevent the abuse of official position by which the appellant committed the larcenies, we hold that the larcenies and the violations of the regulations and orders merged for sentencing purposes. Moreover, as Specifications 3, 4 and 5 of Charge I allege the same misconduct, but with greater specificity, as that set out in Specification 1 of Charge I, those specifications merge for sentencing. Since we will set aside the convictions of larceny which were based upon the appellant's solicitation of gifts, we need not address the question of multiplicity with respect to those offenses. The aggregate punishment for the offenses we affirm, Specifications 2, 3, 6, 8 and 9 (larcenies of less than $50.00) and Specification 15 of Charge II (a larceny of $80.00), is three years and six months. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 127c, Table of Maximum Punishments.

## V. *Misunderstanding as to Maximum Punishment*

■ The military judge advised the appellant that the maximum period of confinement for the offenses to which he accepted the appellant's pleas of guilty was twenty-four years. The judge's computation was based upon the premise that Specifications 4 and 5 of Charge I were multiplicious with each other but that the remaining specifications of Charge I were separate for punishment purposes from each other and the larcenies alleged under Charge II. We agree with the military judge's ruling that Specification 4 of Charge III was separate for sentencing purposes. *See United States v. Irving,* 3 M.J. 6, 7 (C.M.A.1977). However, in view of our holding that the specifications of Charge I are multiplicious for sentencing with the larcenies alleged in the specifications of Charge II, we must hold that the military judge misadvised the appellant and that the correct maximum period of confinement was nineteen years, not twenty-four years.

■ In determining whether a plea of guilty is provident, we must look to the maximum punishment for the offenses to which the appellant pled guilty, nineteen years in this case, and not the maximum for the offenses which are affirmed by this Court. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 70 b; *see United States v. Swaney,* 9 M.J. 749, 751 (A.C.M.R.1980). The fact that we find some of the pleas improvident does not mean that the appellant could not have been lawfully convicted of those offenses in a contested case. We are satisfied that the appellant was not misled by a substantial misapprehension regarding the maximum punishment in this case.

The findings of guilty of Specification 2 of Charge I, Specifications 1, 4, 5, 7, 10, 12, 13, 14, 17, 18, 19 and 21 of Charge II, and Specification 4 of Charge III and Charge III are set aside and that charge and those specifications are dismissed. The findings of guilty of Specifications 2 and 15 of Charge II and Charge II are affirmed. Only so much of Specifications 3, 6, 8 and 9 of Charge II are affirmed as find that the appellant stole ten dollars, twenty-six dollars, twenty dollars, and fifty cents, respectively. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted above and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard

labor for six months, forfeiture of $100.00 pay per month for six months and reduction to the lowest enlisted grade.

Senior Judge O'DONNELL and Judge WERNER concur.