**UNITED STATES, Appellee,**

v.

**Staff Sergeant Willie P. STEVENS, 467–11–0529, United States Army, Appellant.**

**ACMR 8700713.**

U.S. Army Court of Military Review.

21 Jan. 1988.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Margaret A. Schuyler, JAGC (on brief).

Before HOLDAWAY, Chief Judge, and De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members. Contrary to his pleas, he was found guilty of three specifications of violation of a lawful general regulation and one specification of larceny. He was sentenced to a bad-conduct discharge, a $500.00 fine, and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges that the court-martial lacked jurisdiction because he was never arraigned and that the evidence is insufficient to support a finding of guilty of larceny. We disagree and affirm.

Appellant, a drill sergeant, devised and executed a scheme whereby he would charge trainees a fee in order to obtain appellant's permission to order pizzas, use the day room, and use the vending machines for purchase of candy and sodas. On one occasion appellant took a female trainee behind wall lockers and kissed her. These actions resulted in the three specifications alleging violation of a lawful general regulation.

In addition, appellant found that the locker of a trainee was not secure. He removed some of the trainee's property from the locker. He then threatened the trainee by telling him that he would "write him up," give him an Article 15 for leaving his locker unsecure, or sell the property unless the trainee paid him. Upon payment of $30.00 appellant returned the property.

These facts are the basis for the specification alleging larceny of $30.00.

During an Article 39(a), Uniform Code of Military Justice [hereinafter UCMJ], session, at the prosecution's request, arraignment of appellant was delayed until a later date. On the date set for trial on the merits the military judge stated,

> Okay. I think we should move to assembly next—or to arraignment next, I'm, sorry. So I'll ask you, Staff Sergeant Stevens, how do you plead, sir? But before advising you—or before making your plea, I advise you that any motions to dismiss the charges or to grant other appropriate relief should be made at this time.

Rule 904 provides in part, "Arraignment ... shall consist of reading the charges and specifications to the accused and calling on the accused to plead. The accused may waive the reading." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 904 [hereinafter R.C.M. or Rule].

Further, the Discussion of Rule 904 provides in part, "Arraignment is complete when the accused is called upon to plead; the entry of the pleas is not part of the arraignment." The Analysis informs us that R.C.M. 904 is based upon Fed.R. Crim.P. 10, except the requirement for service of charges has been deleted because, in military practice, the accused is served with charges before arraignment. Manual for Courts–Martial, United States, 1984, Analysis to R.C.M. 904, App. 21, A 21–47.

▮ In the case before us appellant was asked to plead, but the military judge did not direct that the charges be read. Thus, we conclude that appellant was not properly arraigned. There is little question that the failure to arraign an accused properly is error. *United States v. Napier*, 43

C.M.R. 262 (C.M.A.1971). However, waiver can be implied where the parties proceeded as if there were an arraignment, a formal plea was entered, and there was no objection to the defective arraignment at trial. *Garland v. Washington*, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914). 2 C. Torcia, Wharton's Criminal Procedure § 338 (1975). Applying this rule to the case before us, we hold that appellant waived the error in the arraignment process.

▮ Even assuming that the defective arraignment was not waived, remedial action would be a windfall unless a substantial right of appellant's was materially prejudiced by the error. *See United States v. Napier*, 43 C.M.R. 262 (C.M.A.1971); Article 59a, UCMJ, 10 U.S.C. § 859(a). A review of the entire record of trial reveals appellant was served with a copy of the charges by trial counsel on 22 January 1987. At trial appellant was effectively defended by civilian counsel[1] and detailed military counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finally, we find that appellant is protected against a second prosecution for the same misconduct. *See United States v. Napier*, 43 C.M.R. at 267. We hold that, even absent waiver, appellant was not prejudiced by a flawed arraignment process.[2]

▮ Appellant further alleges that the evidence is not sufficient to support the specification of larceny because there is no wrongful taking of the property since the victim consented. Appellant relies on *United States v. Tenney*, 15 M.J. 779 (A.C. M.R.1983), to support his contention. In *Tenney*, the accused solicited and obtained money from trainees to pay for personal expenses. The victims were told that the accused desired them to "contribute" money for such personal expenses. There was

---

[1]. Of concern to this court is the appearance of animosity between the military judge and civilian counsel in this case. At one point objections by civilian counsel to loud discussions in a side-bar conference resulted in the military judge disclosing the contents of the side-bar conference to the court members. We are satisfied, however, that the military judge's offer to defense to request a mistrial and the defense's

expressed refusal to do so cures any possible error.

[2]. This court does not approve of the failure to follow normal trial procedure exhibited in this case. Care should be taken to ensure an accused is arraigned in every case in accordance with R.C.M. 904.

no deceit, trickery or coercion. Moreover, the contributions were termed "gifts." Thus, in *Tenney*, the court concluded that the money was obtained with the consent of the trainees. In the case before us, however, appellant obtained the $30.00 by threatening the trainee. Consequently, the victim did not relinquish his money consensually but was coerced into doing so by appellant. Under such circumstances, the taking was wrongful within the meaning of Article 121, UCMJ, 10 U.S.C. § 921. Accordingly, we hold that the evidence was sufficient to support a finding of guilty of larceny of $30.00.[3]

The other assignments of error, to include those personally raised by appellant, are without merit. The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.*

**3.** The allegation could also have been alleged under Article 127, UCMJ, 10 U.S.C. § 927. *Cf. United States v. Lyon*, 35 C.M.R. 279, 285 (C.M. A.1965).

