UNITED STATES

v.

**Senior Airman Rodney R. SHAW, FR 114–40–0226, United States Air Force.**

**ACM 28411.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 Jan. 1990.

Decided 7 June 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Captain Darla G. Orndorff and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

DECISION

PER CURIAM:

The accused was tried for desertion by a military judge sitting alone as a General Court–Martial. He pleaded guilty to, and was convicted of, absence without leave. His sentence was a bad conduct discharge, four months confinement, and reduction to airman basic. This case was submitted to us on its merits, but we note an error which must be corrected before we complete our review.

Immediately after the trial, the accused was notified of his rights to submit matters to the convening authority. Later, when the Staff Judge Advocate's Recommendation was completed, the accused was served with that document and given proper notice of his right to submit matters under Rules for Courts–Martial 1105 and 1106. The accused indorsed the letter back to the convening authority stating that he intended to submit matters under the authority of both Rules for Courts–Martial. Eleven days later (one day longer than allowed by R.C.M. 1105 and the Staff Judge Advocate's letter) the Area Defense Counsel, who had represented the accused at trial, submitted a purported waiver of the right to submit matters under both Rules for Court–Martial. Because we are attaching great importance to the form of this purported waiver, we quote the defense counsel's letter in its entirety:

> I hereby waive submission of all matters under R.C.M. 1105 and 1106. The client has been counseled on the above matter. ARTHUR E. JACKMAN, JR., Capt, USAF Area Defense Counsel

R.C.M. 1105 addresses waiver as follows:

> (3) Written Waiver. The accused may expressly waive, in writing, the right to submit matters under this rule. Once filed, such waiver may not be revoked.

R.C.M. 1105(d)(3). *See also* Article 60(b)(4), UCMJ, on which this Rule is based.

It is clear from the language of the Rule that the ability to waive the right to submit matters under R.C.M. 1105 belongs to the accused, not counsel. By using the words "I hereby waive", the defense counsel raised a question of whether the accused was involved in deciding on the waiver. The defense counsel's next sentence—"The client has been counseled on the above matter"—smacks of a counsel deciding and "notifying" his client that no matters will be submitted.

We hold that the purported waiver is ineffective. Accordingly, we set aside the action and return the record to the Judge Advocate General for return to the convening authority. Before taking action, the convening authority must either seek a proper waiver (based on a written waiver of the accused or lapse of time after notice of the right to submit a waiver) or obtain and consider matters appropriate under R.C.M.s 1105 and 1106. After appropriate action by the convening authority, the record is to be returned for our further review.