UNITED STATES

v.

**Airman Jocelyn A. THOMAS, FR 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, United States Air Force.**

**ACM S28411.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Oct. 1990.

Decided 22 March 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens; Captain Michael D. Burt and Major John V. Sullivan, USAFR.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis and Captain Thomas E. Wand.

Before O'BRIEN, PRATT and McLAUTHLIN, Appellate Military Judges.

## OPINION OF THE COURT

McLAUTHLIN, Judge:

Consistent with her pleas, Airman Jocelyn A. Thomas was found guilty of a housebreaking and two larcenies. Despite her guilty plea to the lesser included offense of wrongful appropriation, she was also found guilty of a third larceny—stealing a purse containing an airline ticket and $300.00. Thomas asserts one error on appeal concerning the convening authority's action. We find her argument unpersuasive and affirm.

Immediately after her 18 October 1990 court-martial, Thomas was notified, in writing, of her right to present post-trial material to the convening authority. On 2 November 1990, she was served with the staff judge advocate's recommendations and given notice of her right to submit matters under Rules for Courts–Martial 1105 and 1106. Thomas acknowledged receipt on each occasion but never indicated whether she intended to submit anything.

On 8 November 1990, Thomas' defense counsel provided a document to the staff judge advocate entitled, "Response to SJA Recommendation, *U.S. v. Airman Jocelyn A. Thomas*" stating: "The defense will make no response to the the [sic] SJA Recommendation and has no matters to submit." This document was signed by the defense counsel, but was nowhere indorsed by the appellant. Nothing further was offered by Thomas or her defense counsel. The convening authority approved the findings and sentence as adjudged the same day defense counsel's letter was received—8 November 1990.

Relying upon this Court's decision in *United States v. Shaw*, 30 M.J. 1033 (A.F. C.M.R.1990), Thomas maintains that her defense counsel's letter was erroneously treated as a waiver of her right to submit matters under R.C.M. 1105. She contends that this correspondence amounted to nothing more than a "putative waiver," and that the convening authority's action should, therefore, be disapproved.

Appellant's reliance upon *Shaw* is misplaced. There, the accused's indorsement

to the staff judge advocate's recommendations indicated that matters would be forthcoming. This was followed eleven days later, however, by a letter from Shaw's defense counsel stating, "*I* hereby waive submission of all matters under R.C.M. 1105 and 1106. The client has been counseled on the above matter." [Emphasis provided.] The clear image in *Shaw* was "of a counsel deciding and 'notifying' his client that no matters will be submitted," 30 M.J. at 1033, *after* the client's initial expressions to the contrary.

Missing, here, is any suggestion that Thomas' counsel acted unilaterally when announcing his client's waiver of her right to submit matters. The attorney-client relationship is accorded special recognition and status under the law. The attorney is often called upon to announce the client's choices after the two have consulted. In keeping within the bounds of ethical representation, the lawyer must accurately convey the client's decisions. *See* Air Force Rules of Professional Responsibility Rule 4.1(a) (1989) and American Bar Association Model Rules of Professional Conduct Rule 4.1(a) (1983). We apply a presumption of regularity to defense counsel, confident that they will discharge their legal and ethical duties and that they will ensure that any submission to the convening authority, or any decision not to submit matters, is the product of meaningful dialogue between lawyer and client, and representative of the client's wishes. *See United States v. Diaz–Carrero*, 31 M.J. 920 (A.C.M.R. 1990).

Thomas' signature on the 8 November 1990 waiver letter certainly would have been preferable, and would have avoided the issue. However, absent some indication that counsel may have functioned without his client's authority, we are unwilling to invalidate the R.C.M. 1105(d)(3) waiver signed and presented by Thomas' defense counsel in his representative capacity.

Having examined the record of trial, the assignment of errors, and the government's reply thereto, we conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge O'BRIEN and Senior Judge PRATT concur.