# UNITED STATES

v.

**Sergeant Timothy M. LICHTSINN, FR 315–78–6688, United States Air Force.**

**ACM 29019.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 Aug. 1990.

Decided 28 March 1991.

Appellate Counsel for the Appellant. Colonel Jeffrey R. Owens and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis and Captain Jeffrey C. Lindquist.

Before MURDOCK, KASTL, O'HAIR and MILLS, Appellate Military Judges.

## OPINION OF THE COURT

MILLS, Judge:

In accordance with his guilty pleas, Sergeant Lichtsinn was found guilty by a general court-martial, composed of a military judge alone, of four specifications of wrongful use of methamphetamine and two specifications of wrongful use of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The approved sentence is a bad conduct discharge, confinement for 10 months, forfeiture of $500.00 pay per month for 10 months, and reduction to E-1.

We first note that following his trial on 27 August 1990, Lichtsinn signed an AF Form 304 stating he did not request appellate defense counsel to represent him. Nonetheless, appellate defense counsel submitted two issues to us in a brief dated 10 January 1991. Subsequently, Lichtsinn submitted a signed statement dated 6 February 1991 acknowledging he has received and fully understands the appellate defense brief. He stated he still does not request appellate counsel but does not object to the contents of the brief. Although he has made it clear he does not request appellate counsel, there is no evidence of a waiver or withdrawal of appellate review by the appellant. Article 61, UCMJ, 10 U.S.C. § 861; R.C.M. 1110. Thus, we must continue to exercise our authority and carry out our responsibility. Article 66, UCMJ, 10 U.S.C. § 866. We have examined the assignments of error, and we conclude no prejudicial error was committed.

## I

■ Appellate defense counsel first argue that Lichtsinn was not properly arraigned. We agree the arraignment process did not meet the requirements of R.C.M. 904. Although appellant was called upon to plead, the military judge did not direct the charge and specifications be read nor did he obtain a waiver of such reading.

There is no dispute that failure to arraign an accused properly is error. *United States v. Napier,* 20 U.S.C.M.A. 422, 43 C.M.R. 262 (1971). We find, however, the appellant waived the error in the arraignment process in this case. The parties clearly proceeded as if there had been an arraignment, a formal plea was entered, and there was no objection to the defective process at trial. *Garland v. Washington,* 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914); *United States v. Stevens,* 25 M.J. 805 (A.C.M.R.1988), *pet. denied,* 27 M.J. 164 (C.M.A.1988). *See also* R.C.M. 801(g).

■ Even if the defective arraignment was not waived, we hold the appellant was not prejudiced by this error. The charge was properly served on Lichtsinn on 15 August 1990. He was effectively defended by detailed military counsel. *See Strickland v. Washington,* 466 U.S. 668, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984). From a reading of the entire record, it is clear the appellant knew the charges against him and that he is protected against a second prosecution for the same misconduct. *See United States v. Napier,* 20 U.S.C.M.A. 422, 43 C.M.R. 262 (1971); *United States v. Stevens,* 25 M.J. 805 (A.C.M.R.1988), *pet. denied,* 27 M.J. 164 (C.M.A.1988); *United States v. Wolff,* 5 M.J. 923 (N.C.M.R.1978); Article 59(a), UCMJ.

## II

■ It is next argued that the convening authority took action without an appropriate waiver of appellant's right to submit matters under R.C.M. 1105. R.C.M. 1105 addresses waiver:

> (3) Written waiver: The accused may expressly waive, in writing, the right to submit matters under this rule. Once filed, such waiver may not be revoked.

R.C.M. 1105(d)(3). *See also* Article 60(b)(4), UCMJ, 10 U.S.C. § 860(b)(4), on which this rule is based.

The Staff Judge Advocate's Recommendation, dated 1 October 1990, was forwarded to and receipted for by the trial defense counsel on 10 October 1990 and by the appellant on 12 October 1990. In a 12 October 1990 written response to the recommendation, trial defense counsel stated: "I have discussed with my client the matters contained in the SJA Recommendation, and he has no objections thereto. He has directed me to waive a response under R.C.M. 1105 or 1106(f)."

Citing *United States v. Shaw,* 30 M.J. 1033 (A.F.C.M.R.1990), appellate defense counsel argues that the 12 October 1990 response by trial defense counsel was erroneously treated as a waiver of the right to submit matters under R.C.M. 1105 because it was not endorsed by the appellant. We disagree. The facts in *Shaw* were quite different from the instant case. In *Shaw,* after being properly served with the SJA recommendations, the accused endorsed the letter advising him of his right to submit matters under R.C.M. 1105 and 1106 back to the convening authority stating he intended to submit matters under both

rules. Eleven days later, Shaw's trial defense counsel submitted a purported written waiver of the right to submit matters by stating: "I hereby waive submission of all matters under R.C.M. 1105 and 1106. The client has been counseled on the above matter."

Attaching great importance to the form of the purported waiver in *Shaw,* this court found it ineffective for the following reasons:

> It is clear from the language of the Rule that the ability to waive the right to submit matters under R.C.M. 1105 belongs to the accused, not counsel. By using the words "I hereby waive", the defense counsel raised a question of whether the accused was involved in deciding on the waiver. The defense counsel's next sentence—"The client has been counseled on the above matter"—smacks of a counsel deciding and "notifying" his client that no matters will be submitted.

30 M.J. at 1033.

We are convinced in the case *sub judice* that the appellant was involved in the decision to waive his right to submit matters under R.C.M. 1105. The appellant consistently declined to submit such matters. We also apply the presumption of regularity to defense counsel, confident that they will discharge their legal and ethical duties and that they will ensure that any submission to the convening authority, or any decision not to submit matters, is the product of meaningful dialogue between lawyer and client and representative of the client's wishes. *See United States v. Diaz–Carrero,* 31 M.J. 920, 921 (A.C.M.R.1990). We hold the response signed by the trial defense counsel on 12 October 1990 constituted an effective waiver by the appellant of his right to submit matters under R.C.M. 1105. In any event, waiver is further supported by the fact the appellant did not submit any matters within the time periods set forth by R.C.M. 1105(c)(1).

Having examined the record of trial, the assignment of errors, and the government's reply, we conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error

prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judges MURDOCK, KASTL and O'HAIR concur.

Senior Judge KASTL participated in this decision before his retirement.