UNITED STATES, Appellee

v

AVON P. TAFT, Specialist Four,
U. S. Army, Appellant

21 USCMA 68, 44 CMR 122

No. 23,953

August 27, 1971

*Captain Joseph V. Aprile, II,* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr.,* and *Major Alan W. Cook.*

*Captain R. Craig Lawrence* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain David E. Wilson,* and *Captain John F. Cooney, Jr.*

## Opinion of the Court

DARDEN, Chief Judge:

In this case a procedural defect in the trial process concerns the Court. After the appellant's arraignment, defense counsel interposed a motion to suppress certain expected Government evidence. Through inadvertence, the appellant's plea was never taken.[1] Instead, the Government proceeded to develop its case. The trial continued to completion. Both sides clearly proceeded as though a not guilty plea had been entered in Taft's behalf. The defense now contends that lack of a formal plea by the appellant or the failure of the military judge to enter a not guilty plea in the former's behalf deprived the court of jurisdiction.

Since Garland v Washington, 232 US 642, 58 L Ed 772, 34 S Ct 456 (1914), stands as authority that failure to enter a plea is not a denial of due process, appellate defense counsel urge that we should reverse this conviction because of the failure to comply with statutory provisions. They remind us of the Supreme Court's words in McClaughry v Deming, 186 US 49, 62, 46 L Ed 1049, 22 S Ct 786 (1902), that:

". . . A court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction."

Here no issue exists about the court-martial's having been convened or constituted in accordance with the statute. Government counsel argue that once a court-martial is convened and constituted in accordance with the statute, it exists as a court and its procedural errors are to be tested for prejudice in the same way as are those of courts of general jurisdiction.

The statutory provision with which we are concerned is Article 45(a), Uniform Code of Military Justice, 10 USC § 845, which provides in pertinent part that if an accused fails or refuses to plead, "a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty." Before enactment of the Uniform Code, the court was required to continue as if an accused had entered a not guilty plea when the accused failed to plead but the entry of a plea in his behalf was not a statutory provision.

We find nothing in the legislative history of Article 45(a) to support a contention that Congress considered the entry of a plea as an objective in itself. Rather, the recording requirement appears to be no more than a further safeguard assuring Article 45's basic objective of having a trial on the merits whenever an accused fails to enter a not guilty plea in his own behalf.

Moreover, this Court has held that not every violation of a statutory requirement divests a court-martial of jurisdiction. Only if the statutory provision is an indispensable prerequisite to the exercise of jurisdiction is a failure to comply with it a jurisdictional defect. United States v Vanderpool, 4 USCMA 561, 16 CMR 135 (1954).

We held in United States v Dean, 20 USCMA 212, 43 CMR 52 (1970), that a

---

[1] The plea itself is not a part of the arraignment proceeding. United States v Boehm, 17 USCMA 530, 38 CMR 328 (1968).

court-martial consisting of a military judge alone did not have jurisdiction to try an accused unless the accused had requested in writing to be tried by such a court-martial. The reasons for that holding are, we believe, significantly different from the considerations in this case.[2] There the requirement related to the convening or the constitution of the court while here the requirement is related to a procedural step after the court was constituted.

In this case we have no doubt that the appellant intended to plead not guilty and to proceed to a trial on the merits. Since the facts of this case excluded any possibility of prejudice the decision of the United States Army Court of Military Review is affirmed.

Judge QUINN concurs.

FERGUSON, Senior Judge (dissenting):

I dissent.

The entry of a plea, by or on behalf of the accused, is not a *simple rule of procedure,* as contended by my brothers. United States v Robinson, 13 USCMA 674, 33 CMR 206 (1963). Article 45(a), Uniform Code of Military Justice, 10 USC § 845, provides in part that if an accused

> ". . . fails or refuses to plead, a plea of not guilty *shall be entered in the record. . . .*" [Emphasis supplied.]

The entry of the plea in the record in an integral and, in my opinion, an indispensable part of the court-martial process since it is specifically required by statute. As stated in Runkle v United States, 122 US 543, 555, 556, 30 L Ed 1167, 1170, 7 S Ct 1141 (1887):

> "A court martial organized under the laws of the United States is a

court of special and limited jurisdiction. It is called into existence for a special purpose and to perform a particular duty. . . . *To give effect to its sentences it must appear affirmatively and unequivocally that* the court was legally constituted; that it had jurisdiction; that *all the statutory regulations governing its proceedings had been complied with,* and that its sentence was conformable to law. *Dynes* v *Hoover,* 61 U. S. 20 How. 65, 80 (15:838, 844); *Mills* v *Martin,* 19 Johns. 33. *There are no presumptions in its favor so far as these matters are concerned.*" [Emphasis supplied.]

See also McClaughry v Deming, 186 US 49, 46 L Ed 1049, 22 S Ct 786 (1902); United States v Brown, 206 US 240, 51 L Ed 1046, 27 S Ct 620 (1907); United States v Vanderpool, 4 USCMA 561, 16 CMR 135 (1954); United States v Robinson, supra.

An examination of the legislative history of the Uniform Code of Military Justice reveals that the statutory requirement for the entry of a plea on the record was, when enacted, a new provision of the law.[1] Prior to the enactment of the Code, the court-martial could "proceed to trial and judgment as if he pleaded not guilty when an accused fails or refuses to plead or answers foreign to the purpose." Paragraph 71, Manual for Courts-Martial, U. S. Army, 1949. Cf. Garland v Washington, 232 US 642, 58 L Ed 772, 34 S Ct 456 (1914). Obviously, the Congress, by its action, was desirous of erecting additional safeguards to court-martial procedures. Absent the statutorily required plea in the record, it cannot reasonably be said that "all the statutory regulations governing its proceedings had

---

[2] United States v Robinson, 13 USCMA 674, 33 CMR 206 (1963), is also inapposite. Robinson's trial occurred before the enactment of Article 39(a), Uniform Code of Military Justice, 10 USC § 839, that permits preliminary proceedings. The question in the *Robinson* case was whether a plea of *guilty* taken before the lawful *convening* of a court-martial and out

of the presence of the court membership was enough to support a guilty finding.

[1] See Hearings before House Armed Services Committee on H. R. 2498, 81st Congress, 1st Session, page 1053; House Report No. 491, 81st Congress, 1st Session, page 23; Senate Report No. 486, 81st Congress, 1st Session, page 20.

been complied with." Runkle v United States, supra, at page 556. Indeed, the court has not been convened "in entire conformity with the provisions of the statute." McClaughry v Deming, supra, at page 62. Jurisdiction of a court-martial does not attach simply because the parties agree thereto. United States v Robinson, Runkle v United States, McClaughry v Deming, all supra.

In United States v Robinson, supra, this Court held the findings and sentence void where no plea of guilty was entered by or on behalf of the accused before a properly convened court. The late Judge Kilday, writing for the majority in *Robinson*, rejected the Government's contention, based on Garland v Washington, supra, that the issue involved nothing other than a question of arraignment which, in that case, was waived. He wrote, at page 681:

". . . We do not agree. The proceedings in that case were before a duly established permanent court of the State and a duly acting judge thereof. This distinction is made clear in McClaughry v Deming, supra:

'. . . The particular tribunal is a mere creature of the statute, as we have said, and must be created under its provisions. It is a special body convened for a specific purpose, and when that purpose is accomplished its duties are concluded and the court is dis-solved. The officers composing the alleged court were not *de facto* officers thereof, for there was no court, and therefore it could not have *de facto* officers. . . . A court-martial is wholly unlike the case of a permanent court created by constitution or by statute and presided over by one who had some color of authority although not in truth an officer *de jure,* and whose acts as a judge of such court may be valid where the public is concerned.' (186 US at page 64.)"

This distinction between a duly established permanent court of a state and a military court serves to highlight the fact that a court-martial must proceed in entire conformity with the statute in order "[t]o give effect to its sentences." Runkle v United States, supra, at page 556. Failure to so proceed is, in my opinion, jurisdictional error. United States v Robinson, Runkle v United States, McClaughry v Deming, all supra. See also United States v Dean, 20 USCMA 212, 43 CMR 52 (1970), and United States v Smith, 20 USCMA 444, 43 CMR 284 (1971), where we held that failure to obtain *in writing* an accused's request for trial by judge alone, as required by Article 16, Code, supra, 10 USC § 816, was a jurisdictional defect.

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.