OPINION OF THE COURT
GRAVELLE, Senior Judge:
The appellant was convicted in absentia by a general court-martial consisting of officer and enlisted members of conspiracy to commit robbery, robbery, and aggravated assault in violation of Articles 81, 122, and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 922, and 928 (1988). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for eight years, and forfeiture of all pay and allowances.
The issue before us in this case is whether Private Price was properly tried in absentia. We hold that the appellant was never properly arraigned, but that the appellant waived the issue.
I. Facts
An initial pretrial session pursuant to Article 39(a), UCMJ, occurred in Private Price’s general court-martial on 10 August 1994. At that session, the military judge properly advised Private Price of his options regarding counsel and court composition. Private Price elected to be represented by his detailed defense counsel, and chose to be tried by a court-martial consisting of officer and enlisted members.
After Private Price made his choices of counsel and court composition, the military judge announced that the appellant would then be arraigned. The trial counsel furnished all parties with copies of the charges, identified the accuser, gave the names of those commanders who made recommendations as to disposition of the charges, and announced that the charges had been referred to a general court-martial by the division commander, a convening authority qualified to refer such charges.
After Private Price waived the reading of the charges, the military judge, rather than following the normal procedure of asking the accused, “How do you plead?” said instead, “I will not ask for the accused’s pleas, as I was served with notice of several motions that I would obviously need to resolve before any plea was entered in this case.” Thus it appears that the military judge affirmatively chose not to complete arraignment. Thereafter, a number of motions were litigated and a number of other matters discussed. There was no further mention of arraignment or pleas. The court then recessed until 23 August 1994.
At the Article 39(a), UCMJ, session on 23 August, which Private Price attended, additional motions were litigated. At that session, the trial judge set a trial date and announced the time and date (0900 on 30 August) for the next Article 39(a), UCMJ, session. Again, there was no further mention of arraignment or pleas.
When the court reconvened at 0950 on 30 August, the appellant was absent.[1] All parties at trial apparently assumed that arraignment had been completed because the trial counsel, without objection, immediately began to present evidence showing that the appellant’s absence was voluntary. Based on the testimony of witnesses presented by the government, the military judge determined that Private Price was voluntarily absent. The military judge at this point normally would have entered pleas of not guilty on *823 behalf of the appellant. He, however, did not do so.[2] Despite this omission and without objection by the defense counsel, the military judge assembled the court, and the trial proceeded to completion as a fully contested general court-martial with officer and enlisted members.
In his post-trial submissions pursuant to Rule for Courts-Martial 1105 [hereinafter R.C.M.], the defense counsel noted as “procedural errors” that “the military judge never entered pleas on behalf of the accused, and the accused never entered a plea in this case.” Counsel asked only for relief in the form of clemency as to the sentence.
Before this court, Private Price’s appellate counsel assert for the first time that he was illegally tried in absentia because he was not arraigned prior to the time he absented himself from the proceedings. Government counsel agree that “the formal requirements of Rule for Courts-Martial 904 were not met,” but argue that the appellant’s assignment of error places form over substance; that the error was harmless; and, that any defect in the arraignment was waived by counsel’s failure to object.
II. Law
A defendant has the right to be present at every stage of the trial, including arraignment, unless the right is effectively waived by his or her voluntary absence from the courtroom. See Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973).
In criminal trials in which the accused is voluntarily absent, the presence of the accused at arraignment has always been legally significant but is not necessarily of constitutional “due process” dimensions. See, e.g., Garland v. Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914); United States v. Taft, 21 U.S.C.M.A. 68, 44 C.M.R. 122 (1971). See also 3A Charles A. Wright, Federal Practice and Procedure § 721, n. 6 (expressing doubt whether the Constitution requires that the accused be present at arraignment).
While not of Constitutional dimensions, federal procedural rules have long given the accused the right to be present at arraignment. See Federal Rule of Criminal Procedure 43 [hereinafter F.R.Crim.P.]; Wright, supra, § 721. See also Crosby v. United States, 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993) (construing the requirements of F.R.Crim.P. 43).
Likewise, military criminal procedure has long guaranteed a military accused the right to be present at the arraignment and at every other stage of the proceedings. See R.C.M. 804(a). As a starting point, “trials in absentia are generally considered repugnant under the American system of justice,” and courts have therefore strictly construed provisions of the Manual dealing with such trials. United States v. Johnson, 44 C.M.R. 797, 800 (A.C.M.R.1971). See also Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); United States v. Cook, 20 U.S.C.M.A 504, 43 C.M.R. 344 (1971).
A military accused’s right to be present at all court-martial proceedings, however, is not absolute. Once the trial begins, “further progress of the trial to and including the return of findings and, if necessary, determination of a sentence shall not be prevented and the accused shall be considered to have waived the right to be present whenever an accused, initially present ... [i]s voluntarily absent after arraignment ”, R.C.M. 804(b) (emphasis added). See also United States v. Ellison, 13 M.J. 90 (C.M.A.1982); United States v. Peebles, 3 M.J. 177 (C.M.A. 1977).
Because arraignment is the condition precedent for courts-martial conducted in absentia, in order to decide this case we must initially determine the nature and content of a valid “arraignment.”
*824 Historically, “arraignment is the calling of the prisoner to the bar of the court to answer to the charge or charges on which he is to be tried.” Winthrop, Military Law and Precedents (1896 edition), para. 353 (citing 2 Hale 219 and 4 Blackstone’s Commentaries 322). In courts-martial, arraignment consists of “reading to the accused the charges and specifications, and demanding of him whether he is guilty of each, separately and in order.” Id.
The various manuals for courts-martial have long recognized the two-part nature of an arraignment: (1) the reading of the charges, and (2) calling upon the accused to plead. See, e.g., Manual for Courts-Martial, United States, 1928, para. 62; Manual for Courts-Martial, United States, 1949, para. 62; Manual for Courts-Martial, United States, 1951, para. 65; Manual for Courts-Martial, United States, 1969 (Rev. ed.), para. 65a.
In the present Manual for Courts-Martial, R.C.M. 904 states: “Arraignment shall be conducted in a court-martial session and shall consist of reading the charges and specifications to the accused and calling on the accused to plead. The accused may waive the reading.” Furthermore, “arraignment is complete when the accused is called upon to plead; the entry of pleas is not part of the arraignment.” R.C.M. 904 discussion; see generally United States v. Oliphant, 50 C.M.R. 29 (N.C.M.R.1974).
In military law, selection of “arraignment” as the triggering device for permitting in absentia court-martial proceedings was thought to be a “clearer demarcation point” than the phrase “the trial has commenced” found in the corresponding Federal Rule of Criminal Procedure 43. R.C.M. 804(b) analysis at A21-44. See generally 1 Francis A Gilligan and Fredric I. Lederer, Court-Martial Procedure § 16-22.00. “In the military justice system, arraignment is the commencement of trial.” United States v. Bass, 40 M.J. 220, 223 (C.M.A.1994) citing United States v. Sharp, 38 M.J. 33, 39-40 (C.M.A.1993) (Wiss, J., concurring in part and in the result; Sullivan, C.J., concurring in the result); United States v. Houghtaling, 2 U.S.C.M.A 230, 8 C.M.R. 30 (1953).
A defective arraignment involving only procedural error does not necessarily result in a reversal of the conviction. See, e.g., United States v. Napier, 20 U.S.C.M.A 422, 43 C.M.R. 262 (1971); United States v. Lichtsinn, 32 M.J. 898 (A.F.C.M.R.1991); United States v. Stevens, 25 M.J. 805 (A.C.M.R.1988). Even when the procedural error is the kind that raises a presumption of prejudice, reversal is not required if it clearly and convincingly appears from the transcript that no harm accrued to the accused. Napier, 43 C.M.R. at 267. It should be noted, however, that Napier, Lichtsinn, and Stevens did not involve trials in absentia.
In a trial in which the voluntarily absent accused had not been formally notified of the charges against him but had been called upon to plead, the Navy Court of Military Review (now Navy-Marine Corps Court of Criminal Appeals) affirmed the conviction despite the incomplete arraignment. United States v. Wolff, 5 M.J. 923 (N.C.M.R.1978), pet. denied, 6 M.J. 305 (C.M.A.1979). In Wolff, the court searched the record and found conclusive evidence that the appellant knew the charges against him. A year later, the same court set aside a conviction of an absent accused after the court could find nothing in the record that referred to the specific charges or conclusively demonstrated that the accused had actual knowledge of the charges against him. United States v. Cozad, 6 M.J. 958 (N.C.M.R.1979).
Wolff and Cozad both involved incomplete arraignments during which the charges were never formally read to the accused but where he was asked to enter a plea. The first component of arraignment was at issue but not the second.
An opinion of our predecessor, the Army Board of Review, dealt with the situation presented in the case before us: an in absentia trial with an incomplete arraignment consisting of a formal reading of the charges but with no calling upon the accused to plead. United States v. Houghtaling, 2 C.M.R. 229 (A.B.R.1951); aff'd, 2 U.S.C.M.A 230, 8 C.M.R. 30 (1953). In Houghtaling the Board of Review found that asking an accused to enter his pleas was not an “indispensable” *825 element of arraignment. Houghtaling, 2 C.M.R. at 232.[3]
One other Army Board of Review opinion came to the same conclusion as Houghtaling. United States v. Scott, CM 335328, 2 B.R.J.C. 115 (A.B.R.1949).
Finally, Colonel Winthrop opined that either of the two parts of arraignment may be waived by an accused:
It is not, however, essential to an arraignment that the charges and specifications be read on this occasion. If they are numerous or elaborate and if the accused has assured himself that the [original charges and specifications] have not been modified since his receipt of the copy, he may well — the court assenting — -waive the reading as at criminal law the defendant may waive the reading, on arraignment, of the indictment.
So, by consent of parties, (and with the assent of the court,) the arraignment may be further simplified by the omission of the questions usually addressed ... to the accused as to how he pleads as to the several charges____
Winthrop, supra, para. 353-54 (emphasis in original).
III. Analysis
An arraignment, as previously discussed, consists of two components: (1) reading the accused the charges against him (or obtaining his waiver of the reading); and (2) calling upon the accused to plead. Here, the appellant was clearly not called upon to plead. Therefore, the arraignment was incomplete. We hold that it was error for the military judge to proceed with the appellant’s trial in this case in the absence of a completed arraignment.
Having found error, we must decide if waiver can apply, and if so whether it should be applied in this case. After reviewing Winthrop’s commentary and the military precedents cited above, we find that an accused may waive the procedural requirement of being formally called upon to plead. See, e.g., Houghtaling, 8 C.M.R. at 34-35. Further, we find that the transcript of those proceedings shows no harm occurred to the accused from this procedural error, and that under the circumstances waiver is appropriate. The appellant was fully aware of the charges against him, participated in the litigation of motions pertaining to those charges, and then elected to be absent when he knew that a fully contested trial on the merits was about to begin.
Several final comments are warranted. Calling upon the accused to plead is not a mere formality to be omitted by the military judge. We believe that there are important policy reasons behind adhering to the requirements of R.C.M. 804(b). Given the specific decision of the Manual’s drafters to select a clear demarcation point at arraignment, we can think of no brighter line than calling upon the accused to enter a plea. There are certain critical procedural points within the court-martial process. The formal completion of arraignment is one of those points having important legal consequences. Beyond that point, additional charges cannot be referred to the same court-martial without the accused’s consent. R.C.M. 601(e)(2). And, original charges may not be amended by the government without judicial permission. R.C.M. 603(b) and (c). Finally, trial in absentia has been made contingent upon arraignment.
This situation could have been easily avoided by the judge’s following the procedure and the suggested wording for arraignments found in the Military Judge’s Bench-book.[4] Even if it is clear that the accused intends to request that entry of pleas be deferred until after the motions have been litigated, the military judge should complete the arraignment by asking the accused to plead'. Because of the various legal consequences for the government and the accused *826 that attach at the completion of arraignment, there should be no ambiguity regarding that completion.
The findings of guilty and the sentence are affirmed.
Judge ECKER concurs.

. This court has been informed that the appellant continues to remain absent and his whereabouts are unknown.

. In his preliminary instructions, the military judge advised the members that the accused had entered pleas of not guilty. The effect of the military judge’s inadvertent failure to formally enter pleas of not guilty on behalf of the appellant is of itself an irregularity not amounting to prejudicial error. United States v. Taft, 21 U.S.C.M.A. 68, 44 C.M.R. 122 (1971); United States v. Wahl, 4 C.M.R. 767 (A.F.B.R.1952), pet. denied, 4 C.M.R. 173 (C.M.A.). See also R.C.M. 910(b).

. Houghtaling involved a joint trial in which a co-accused, Storbakken, absconded and was tried in a capital case for rape. The U.S. Court of Military Appeals (now the U.S. Court of Appeals for the Armed Forces) affirmed Storbakken's in absentia conviction, assuming without discussion that the arraignment had been completed.

. Dept, of Army Pamphlet 27-9 (Change 3, 15 Feb. 1989).