UNITED STATES, Appellee,

v.

Keith D. PRICE, Private, U.S. Army, Appellant.

No. 97–0216.
Crim.App. No. 9401505.

U.S. Court of Appeals for the Armed Forces.

Argued March 5, 1998.

Decided July 7, 1998.

For Appellant: *Captain T. Michael Guiffre* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters, Major Michael E. Hatch,* and *Captain Norman R. Zamboni* (on brief).

For Appellee: *Captain Joel A. Novak* (argued); *Lieutenant Colonel Eva M. Novak, Captain Elizabeth N. Porras,* and *Captain Robert F. Resnick* (on brief); *Colonel Joseph E. Ross* and *Lieutenant Colonel Frederic L. Borch, III.*

*Opinion of the Court*

COX, Chief Judge:

Appellant was convicted, in absentia, of conspiracy to commit robbery, robbery, and aggravated assault.[1] We granted his petition to determine whether he was unlawfully tried in absentia and whether the Court of Criminal Appeals erred in holding that he waived his right to arraignment by voluntarily absenting himself prior to arraignment. 46 MJ 423–24. We agree with appellant that he was unlawfully tried *in absentia,* and finding no waiver, we reverse.

The record shows that pretrial Article 39(a)[2] sessions in this case were held on August 10 and 23, 1994, and that appellant was present and represented by counsel at both sessions. At the first Article 39(a) session, the military judge advised appellant of his counsel rights and the types of trial available. Appellant elected to be represented by his detailed military defense counsel and to be tried by officer and enlisted members.

---

1. Violations of Articles 81, 122, and 128, Uniform Code of Military Justice, 10 USC §§ 881, 922, and 928, respectively. He was sentenced to total forfeitures, confinement for 8 years, and a dishonorable discharge. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed. 43 MJ 823.

2. Art. 39(a), UCMJ, 10 USC § 839(a).

Although the Government presented the charges and appellant waived their reading, he was not asked to plead. In fact, the military judge specifically stated:

I will not ask for the accused's plea, as I was served with notice of several motions that I would obviously need to resolve before any plea was entered in this case.

Appellant was also not advised that he could be tried *in absentia.*

At the second Article 39(a) session on August 23, several motions were litigated, and a trial date of August 30 was set. Again, appellant was not asked to plead, and he was not advised that he could be tried in absentia.

When the court-martial resumed on August 30, appellant was absent. Without further discussion and without objection by trial defense counsel, trial counsel began presenting evidence showing that appellant's absence was voluntary. Based on that evidence, the military judge found appellant to be voluntarily absent.

Again without objection by defense counsel, the court-martial was assembled. The military judge appropriately instructed the members how to treat appellant's absence. Although pleas had never been expressly entered on appellant's behalf, the military judge announced that appellant had pleaded not guilty to all charges and specifications; and on that basis the trial proceeded to the result indicated.

The Court of Criminal Appeals concluded that the arraignment had not been completed because appellant had never been called upon to plead. 43 MJ at 827. Nevertheless, that court affirmed appellant's conviction, holding that appellant waived arraignment by his conduct.

■ The rule on trial in absentia in the military is RCM 804(b), Manual for Courts–Martial, United States (1995 ed.), which provides:

The further progress of the trial to and including the return of the *findings and, if necessary, determination of a sentence* shall not be prevented and the accused shall be considered to have waived the

right to be present whenever an accused, initially present:

(1) Is voluntarily absent *after arraignment* (whether or not informed by the military judge of the obligation to remain during the trial)....

(Emphasis added.) Further, arraignment "consist[s] of reading the charges and specifications to the accused *and calling on the accused to plead."* RCM 904 (emphasis added).

■ Under these rules, clearly, appellant was never arraigned, so procession to trial was unauthorized. The question is whether appellant waived arraignment by his conduct. We hold that he did not.

By way of comparison, Fed.R.Crim.P. 43(b) is the counterpart to RCM 804(b), though it differs from the military rule in several significant respects. At the time of appellant's trial, Rule 43(b) provided:

The further progress of the trial to and including the return of the *verdict* shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

(1) voluntarily absents himself *after the trial has commenced* (whether or not he has been informed by the court of his obligation to remain during the trial)....

(Emphasis added.)

Commencement of trial, under the Federal Rules, apparently denotes commencement of trial on the merits. The Supreme Court interpreted the previously-quoted version of Fed.R.Crim.P. 43(b) in *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973), where the accused had absented himself *after* trial on the merits had commenced, and the trial continued to *verdict.* Taylor argued that he could not have waived his constitutional rights to testify and confront witnesses, etc., "unless it [was] demonstrated that he knew or had been expressly warned by the trial court not only that he had a right to be present but also that the trial would continue in his absence...." *Id.* at 19, 94 S.Ct. at 196.

The Supreme Court disagreed, concluding that it was "incredible ... that a defendant

who flees from a courtroom in the midst of a trial ... would not know that as a consequence the trial would continue in his absence." *Id.* at 20, 94 S.Ct. at 196. Thus the Court upheld the waiver provision of Rule 43(b)(1), after trial had commenced, regardless of whether it could be proved that Taylor had been advised of the waiver.

In *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), however, the Supreme Court set *Taylor* in sharp relief. Similar to Taylor, Crosby had entered pleas, had "attended pretrial conferences and hearings," and had been advised of the date of trial. Still, because Crosby was not present on the date of trial, the Supreme Court reversed his conviction based on his trial *in absentia. Id.* at 256, 262, 113 S.Ct. at 750, 752.

Writing for a unanimous Court, Justice Blackmun observed that there were rational distinctions between absences prior to and after commencement of a trial. Among them was the fact that . "the defendant's initial presence [at trial on the merits] serves to assure that any waiver is indeed knowing." *Id.* at 261, 113 S.Ct. at 752. Thus, Fed. R.Crim.P. 43 does not permit trial on the merits to commence in the absence of a defendant—at least if the defendant has not been specifically warned—even where the defendant has entered pleas and attended pretrial hearings on motions and other preliminaries.

Military law, however, extends the presumptive waiver point back to arraignment, which often arises well prior to commencement of trial on the merits. *See United States v. Bass,* 40 MJ 220 (CMA 1994); *United States v. Sharp,* 38 MJ 33 (CMA 1993); *see also* Guide for General and Special Courts–Martial, Manual, *supra* at A8–5. Given the Supreme Court's strict interpretation of Rule 43 and the extensions under military law, we conclude that appellant's conviction is even less defensible than Crosby's. Not only was the clear and unambiguous requirement of RCM 804(b) not met, but there is no indication in the record—either expressed or by legal inference—that appellant was on notice of the fact that trial would proceed in

his absence through sentencing. Under these circumstances, appellant cannot be deemed to have waived in-person arraignment by his conduct, *i.e.,* by absenting himself from the proceedings.

The decision of the United States Army Court of Criminal Appeals is reversed, and the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (dissenting):

I agree with the appellate court below. 43 MJ 823, 826.

An arraignment occurred here, albeit an incomplete arraignment within the meaning of RCM 904, Manual for Courts–Martial, United States (1994 ed.), which states:

**Rule 904. Arraignment**

*Arraignment* shall be conducted in a court-martial session and *shall consist of reading the charges and specifications to the accused and calling on the accused to plead.* The accused may waive the reading.

### Discussion

*Arraignment is complete when the accused is called upon to plead;* the entry of pleas is not part of the arraignment.

When authorized by regulations of the Secretary concerned, the arraignment should be conducted at an Article 39(a) session when a military judge has been detailed. The accused may not be arraigned at a conference under RCM 802.

Once the accused has been arraigned, no additional charges against that accused may be referred to that court-martial for trial with the previously referred charges. *See* RCM 601(e)(2).

The defense should be asked whether it has any motions to make before pleas are entered. Some motions ordinarily must be

made before a plea is entered. *See* RCM 905(b).

(Emphasis added.)

In the instant case, we had a reading of the charges, and appellant left before being called upon to plead. Thus, the arraignment had started but was not completed. I would hold that an *incomplete arraignment* is not sufficient to warrant a reversal of a conviction *in absentia.* RCM 804(b)(1) was substantially complied with in this case since the arraignment had started, and appellant's conviction should not be reversed on the basis of a regulatory technicality. *See United States v. Jette,* 25 MJ 16 (CMA 1987). It is black letter law that defective arraignments do not warrant reversal of a conviction. *See* Wright, *Federal Practice and Procedure* § 161 at 548.

CRAWFORD, Judge (dissenting):

I agree with Judge Sullivan and write to add these observations.

Because the magic words "How do you plead?" are lacking, the Court grants appellant a windfall by reversing his conviction. In numerous cases, we have rejected application of mere form over substance.[*] We should also do so here.

Appellant was charged with conspiring with two other servicemembers to rob a taxicab driver, robbery of the cab driver, and aggravated assault by intentionally inflicting grievous bodily harm with a heavy metal bar, in violation of Articles 81, 122, and 128, Uniform Code of Military Justice, 10 USC §§ 881, 922, and 928, respectively.

At an Article 39(a), UCMJ, 10 USC § 839(a), session on August 10, 1994, appellant was represented by the senior military counsel for the 3d Infantry Division, Schweinfurt, Germany. At that session, the judge advised appellant of his right to both military and civilian counsel, and his right to choose a trial either by judge alone or by officer and enlisted members. Appellant requested an enlisted panel. After that request, the judge noted: "The accused will now be arraigned." Appellant waived the reading of the charges. The judge noted that he would normally call for a plea, but he had been served with notice of several motions, including defense motions for dismissal for violating the right to a speedy trial, suppression of in-court identification, and dismissal of a Charge. The military judge had to continue the Article 39(a) session to a later date because the senior defense counsel was leaving for Italy that evening to try a case. The senior defense counsel noted that Mr. Court, a civilian counsel in Germany, would defend appellant.

Another Article 39(a) session was scheduled for August 22, 1994. However, the defense requested that the motions be heard on August 15, 1994. Because of numerous scheduling conflicts, the judge could not schedule the Article 39(a) on that date. The judge also noted that, because of unit deployment, the 3d Infantry Division had a significant problem with panel members being available after August 17.

The next Article 39(a) session was held on August 23, 1994. At that session, appellant was again represented by the Division's senior defense counsel and not civilian defense counsel. After ruling adversely to appellant on two of the motions, the judge notified the parties and appellant that the trial would be set for August 30, 1994.

At trial, on August 30, 1994, appellant was absent. The judge, after a hearing, found appellant's absence was voluntary and entered pleas of not guilty. During the *voir dire,* at least one panel member indicated that, if the trial went beyond one day, he would be deploying to Russia.

---

[*] *United States v. Hayward,* 47 MJ 381 (1998)(post-arraignment referral of second charge did not materially prejudice substantial rights of accused); *United States v. Sargent,* 47 MJ 367 (1997)(unexplained absence of detailed member was not jurisdictional error); *United States v. Turner,* 47 MJ 348 (1997)(nonjurisdictional error not to have written or oral request for general court-martial on the record but error did not materially prejudice accused); *United States v. Schneider,* 38 MJ 387 (CMA 1993)(having panel member junior to accused was nonjurisdictional and did not prejudice accused); *United States v. Gebhart,* 34 MJ 189 (CMA 1992)(court-martial order both detailing and relieving court member not reversible error).

RCM 904, Manual for Courts–Martial, United States (1995 ed.), provides: "Arraignment shall be conducted in a court-martial session and shall consist of reading the charges and specifications to the accused and calling on the accused to plead. The accused may waive the reading." The Discussion to RCM 904 states: "Arraignment is complete when the accused is called upon to plead; the entry of pleas is not part of the arraignment." Technically then, arraignment would have been completed in this case had the judge merely asked, "How do you plead?"

Arraignment is the triggering device in the military for permitting a trial *in absentia*. It is a clear demarcation as to when trial has commenced. However, a defective arraignment under these circumstances should not result in the conclusion by the majority to reverse appellant's conviction.

What the Supreme Court said in *Taylor v. United States,* 414 U.S. 17, 20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973) (citation omitted), is applicable here:

> It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial [similarly, appellant attended two Article 39(a) sessions], and had a duty to be present at trial, entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us ... "that a defendant who flees from a courtroom in the midst of a trial—where a judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence."

RCM 804(b) provides:

> The further progress of the trial to and including the return of the findings and, if necessary, determination of a sentence shall not be prevented and the accused shall be considered to have waived the right to be present whenever an accused, initially present:
>
> (1) Is voluntarily absent after arraignment (whether or not informed by the military judge of the obligation to remain during the trial); or

> (2) After being warned by the military judge that disruptive conduct will cause the accused to be removed from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.

This provision, similar to Fed.R.Crim.P. 43(b), provides that a trial may proceed if the accused has absented himself voluntarily after arraignment.

In *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), the Supreme Court held that a trial *in absentia* may not be held when the defendant is not present at the beginning of the trial. However, the Court indicated that Fed.R.Crim.P. 43

> treats midtrial flight as a knowing and voluntary waiver of the right to be present. Whether or not the right constitutionally may be waived in *other circumstances*— and we *express no opinion here* on that subject—the defendant's initial presence serves to assure that any waiver is indeed knowing.... Moreover, a rule that allows an ongoing trial to continue when a defendant disappears deprives the defendant of the option of gambling on an acquittal knowing that he can terminate the trial if it seems that the verdict will go against him—an option that might otherwise appear preferable to the costly, perhaps unnecessary, path of becoming a fugitive from the outset.

506 U.S. at 261–62, 113 S.Ct. at 752–53 (emphasis added; citations omitted).

After his initial presence at two separate Article 39(a) sessions where he was advised of numerous rights, elected an enlisted panel, waived the reading of the charges, litigated several pretrial motions, and was advised of the trial date, appellant fled. In essence, after a number of motions were decided against appellant, he voluntarily absented himself from trial. By his conduct, it is patently obvious that appellant knowingly and voluntarily waived his right to be present at trial. The majority says there is no waiver because nothing indicates appellant had any warning that trial would take place if he did not show up. 48 MJ at 183. But RCM

804(b)(1) says that all the notice appellant would be entitled to is being asked how he pled. Clearly one has nothing to do with the other. What is readily apparent is that appellant knew trial would take place on August 30. To paraphrase the Supreme Court in *Taylor*, it would be "incredible" to suggest that appellant believed he could bring the trial process to a complete halt by simply staying away. Nobody suggested that to him, and he certainly knew he was required, not just invited, to be present. Further, defense counsel did not object to the trial *in absentia*, either at trial or in the post-trial submissions.

This is not jurisdictional error and no claim of plain error would be viable. I am satisfied that the court below correctly found that this was waiver. 43 MJ 823, 827. In any event, it is harmless error. Art. 59(a), UCMJ, 10 USC § 859(a).

Because the majority would reward appellant's deliberate, knowing misconduct under these circumstances by elevating form over substance, I respectfully dissent.