# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CONN, HOFFMAN, and GIFFORD
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOCELYN R. FRANKLIN**
**United States Army, Appellant**

ARMY 20090035

Headquarters, Fort Drum
Andrew Glass and Michael Hargis, Military Judges
Lieutenant Colonel Steven P. Hester, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Lieutenant Colonel Jonathan F. Potter JA (on brief).

For Appellee:  Colonel Norman F. J. Allen, III, JA; Lieutenant Colonel Martha L. Foss, JA; Major Christopher B. Burgess, JA (on brief).

20 January 2010

----------------------------------
OPINION OF THE COURT
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, consistent with her pleas, of making, drawing, uttering, or delivering a check, draft, or order and thereafter wrongfully and dishonorably failing to maintain sufficient funds (three specifications), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. §934 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for six months.  Pursuant to a pretrial agreement, the convening authority limited confinement to sixty days and otherwise approved the adjudged sentence.  This case is before the court for review pursuant to Article 66, UCMJ.

Appellant was charged, *inter alia*, with 26 specifications of making and uttering checks with intent to defraud, in violation of Article 123a, UCMJ.  In a pretrial agreement with the convening authority, appellant agreed to plead guilty to the above stated lesser-included Article 134 offense for Specifications 24, 25, and 26 of Charge I.  Consistent with that agreement, appellant signed a stipulation of

fact detailing the circumstances surrounding those offenses. On her behalf, her defense counsel entered pleas of guilty to the lesser-included offense for Specifications 24, 25, and 26 of Charge I, but inadvertently failed to enter a plea of guilty to the Charge itself. The military judge conducted a thorough inquiry establishing the factual basis for appellant's plea. At the conclusion of the military judge's providence inquiry on the plea, in accordance with the pretrial agreement, the government moved to conform the Charge and Specifications to appellant's plea and dismiss the remaining offenses. The military judge granted the government's motion and subsequently found appellant guilty of all Specifications of the Charge and the Charge.

On appeal, appellant contends the findings and sentence in her case must be set aside, because she never entered a plea of guilty to any charge, but only pled guilty to the specifications thereunder. Counsel for appellant cite to Article 45(a) for the proposition that if an accused fails to plead, "a plea of not guilty shall be entered in the record, and the court shall proceed as though he has pleaded not guilty." *See also* Rule for Court-Martial [hereinafter R.C.M.] 910(b).[1] However, the entry of a plea is not an objective in itself. *See United States v. Taft*, 44 C.M.R. 122, 123 (C.M.A. 1971). Rather, the intent behind Article 45(a) is to ensure a trial on the merits when an accused fails to enter a plea on his own behalf, not to force a trial on the merits when an accused inadvertently omits the words "to the Charge: Guilty." *Id.*

A charge amounts to a statement of the Article of the Code or other law allegedly violated. R.C.M. 307(c)(2). A specification is a concise statement of the essential facts constituting the offense charged. R.C.M. 307(c)(3). We agree with appellant that failure to enter a plea to both the charge and its specifications amounts to an irregular plea; however we find this procedural irregularity harmless. Failure to enter a plea does not, in itself, amount to a denial of due process. *Garland v. Washington*, 232 U.S. 642, 645 (1914).

Our sister courts have held pleading guilty to a charge without pleading to an underlying specification is not reversible error where the record clearly reflects an appellant's intended plea. *United States v. Green*, 64 M.J. 625, 628-29 (C.G. Ct. Crim. App. 2007); *United States v. Williams*, 47 M.J. 593, 594-95 (N.M. Ct. Crim. App. 1997). It is also well settled that the failure to make findings as to a charge is immaterial because an accused's criminality is determined by the findings as to the specification, not the charge. *See United States v. Perkins*, 56 M.J. 825, 827 (Army Ct. Crim. App. 2001); *United States v. Dilday*, 47 C.M.R. 172 (A.C.M.R. 1973).

---

[1] The discussion to R.C.M. 910(b) amplifies the rule by explaining that an explicit plea which negates criminality or is internally inconsistent (such as a plea of guilty to a charge but not guilty to all underlying specifications) must be clarified or a plea of not guilty entered on an accused's behalf.

On facts nearly identical to appellant's case, the Air Force Court held failure to enter a plea to the charge does not affect the pleas of guilty to the specifications thereunder. *United States v. Logan*, 15 M.J. 1084, 1085 (A.F.C.M.R. 1983). We specifically adopt this holding.[2] Further, we find the law clearly reflects failure to enter a plea or finding to either a charge or a specification must result in an ambiguity as to a plea or finding in order to constitute prejudicial error.

Appellant's plea did not result in an ambiguity and therefore does not constitute prejudicial error. Appellant signed a pretrial agreement with the convening authority, which identified both the charge and specifications to which appellant plead guilty. Consistent with that agreement, appellant signed a stipulation of fact detailing the factual elements of the offenses. Both appellant and her counsel were fully aware of the offense charged. *See United States v. Reyes*, 48 C.M.R. 832, 833 (A.C.M.R. 1974) (Failure to arraign the accused was neither jurisdictional nor prejudicial error where intended pleas are clear from record). Appellant was present throughout the trial. *Id.* Additionally, the military judge defined and discussed each offense with appellant, and she indicated her understanding of the elements of each offense as part of her plea colloquy. *See United States v. Napier,* 43 C.M.R. 262, 267 (C.M.A. 1971) (Omissions from arraignment did not require overturning conviction). Appellant knew and understood each of the offenses to which she pled guilty. *Id.* Thus, appellant's omission of a plea to the Charge after she entered her pleas of guilty to the Specifications of the Charge did not violate her due process rights.[3]

## CONCLUSION

We have examined the record of trial and have concluded that the findings and sentence are correct in law and fact. The omission of a plea of guilty to the Charge did not amount to a due process violation, did not deprive the court of jurisdiction to try the case, and we find no prejudice as a result. *See Taft,* 44 C.M.R. at 124. Accordingly, the findings of guilty and the sentence are affirmed.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] This appears to have been the conclusion of our court in *United States v. Lanier*, 50 M.J. 772, 773-774 n.2 (Army Ct. Crim App. 1999). By this opinion, we make this holding the clear precedent of this court.

[3] Practitioners should not understand our holding to condone a lack of attention to detail. By properly and completely entering pleas and findings for both the charge and specification(s) for each offense, any potential for ambiguity is foreclosed.