**UNITED STATES**

v.

**Donell L. WILLIAMS, 513–68–2715, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 97 00865.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 6 Dec. 1996.

Decided 30 Sept. 1997.

Military Judge: R.B. Leo. Review pursuant to Article 66(c), UCMJ, of Special Court–Martial convened by Commander, Fleet Activities (Yokosuka Japan), FPO AP 96349–1100.

LT Dale O. Harris, JAGC, USNR, Appellate Defense Counsel.

Maj Clark R. Fleming, USMC, Appellate Government Counsel.

CAPT James W. Rude, JAGC, USNR, Appellate Government Counsel.

Before DOMBROSKI, Chief Judge, and SEFTON and OLIVER, Appellate Military Judges.

OLIVER, Judge:

A military judge convicted the appellant, consistent with his pleas, of a 15–1/2–month

period of unauthorized absence. The adjudged sentence included confinement for a period of 45 days, reduction to the lowest enlisted pay grade, and a bad-conduct discharge. The convening authority approved the sentence as adjudged and, except for the punitive discharge, ordered it executed.

We have examined the record of trial, the three summary assignments of error,[1] and the Government's response thereto. After careful consideration, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

### Irregular Pleas

■ The appellant first contends that, because of the trial defense counsel's unartful and incomplete plea to the Specification of the Charge, this court should set aside the findings and sentence. We disagree.

After stating that the defense had no motions, the appellant's trial defense counsel entered pleas in this relatively simple case as follows:

> To Charge I: Not Guilty, but to a violation of the lesser included offense of Absence From Unit Organization or Place of Duty, under Article 86 of the UCMJ, Guilty.

Record at 6. The trial defense counsel entered no plea to the Specification. He also made no effort to except out from the Specification language only appropriate to a charge of desertion under Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (1994)[hereinafter UCMJ]. The military judge then responded by saying: "Thank you. Please be seated." *Id.*

Article 45(a), UCMJ, 10 U.S.C. § 845(a), provides: "If an accused after arraignment makes an irregular pleading, ... a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty." *See* RULE FOR COURTS-MARTIAL 910(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.]. The Discussion following R.C.M. 910(b) further explains this rule: "An irregular plea includes pleas such as guilty without criminality or guilty to a charge but not guilty to all specifications thereunder. When a plea is ambiguous, the military judge should have it clarified before proceeding further." R.C.M. 910(b), Discussion.

We have no doubt that if any of the trained trial participants had called the attention of the court-martial to the fact that the appellant had not pleaded properly, the military judge would have worked with the trial defense counsel to get it right. Our review of the reported cases discussing this language from Article 45(a), UCMJ, 10 U.S.C. § 845(a), reveals nothing on point. Most of these cases are concerned with matters introduced later in the trial which are inconsistent with the plea. *See, e.g., United States v. Outhier,* 45 M.J. 326, 328, 331–32 (1996). Indeed, the only case we can find which touches on a situation similar to the one presented here is *United States v. Smith,* 43 C.M.R. 630, 633–34 n. 1, 1970 WL 7510 (A.C.M.R.1970)(Nemrow, Judge, concurring and dissenting): "A plea of guilty to the specification of the Charge was never entered.... The record of trial convinces me that the failure to plead to the specification of the Charge was through inadvertence and constitutes a mere procedural error."

■ Our review of the record causes us to reach a similar conclusion. After conducting a comprehensive providence inquiry which provided an unassailable factual basis for the appellant's guilt, the military judge entered findings to the Charge and the Specification; the military judge also made the appropriate exceptions to the language of the Specification to comport with his findings. Record at 13–14. *See United States v. Timmerman,* 28 M.J. 531, 536–37 (A.F.C.M.R.1989)(holding

1. I. THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEA OF GUILTY TO THE CHARGE WHEN A PLEA TO THE SPECIFICATION WAS NEVER ENTERED. (References and citations omitted.)

II. THE FAILURE OF THE STAFF JUDGE ADVOCATE'S RECOMMENDATION TO IN-CLUDE A SUMMARY OF APPELLANT'S CHARACTER OF SERVICE AND DISCIPLINARY HISTORY CONSTITUTED PLAIN ERROR. (Reference and citations omitted.)

III. THE COURT–MARTIAL PROMULGATING ORDER WAS NOT PROPERLY AUTHENTICATED. (Citation and reference omitted.)

that the appellant suffered no prejudice by the failure of the court to announce its findings as to the three specifications). Under Article 59(a), UCMJ, 10 U.S.C. § 859(a), this court may not hold incorrect a finding of a court-martial "unless the error materially prejudices the substantial rights of the accused." *See also United States v. Stewart,* 48 C.M.R. 877, 879, 1974 WL 13945 (A.C.M.R.1974). We do not find any possible prejudice, and refuse to grant the appellant a windfall on the basis of a technical oversight by his trial defense counsel which the military judge failed to correct. This assignment of error is without merit.

## Defective Recommendation

The appellant next contends that plain error was committed when the staff judge advocate, in his recommendation (SJAR), failed to include a summary of the appellant's character and disciplinary history. We disagree that this entitles the appellant to any relief.

■ R.C.M. 1106(d)(3)(C) requires the SJA to "include concise information as to . . . the accused's service record, to include length and character of service . . . and any records of nonjudicial punishment and previous convictions. . . ." In the SJAR, the SJA inserted in those two sections the language: *"Service record data unavailable."* SJAR of 9 Apr 97 (emphasis in original). (We note that the SJA did summarize the appellant's awards and decorations in the SJAR.) Since there was substantial evidence in the record of trial which the SJA could have used to provide relevant and helpful information for the convening authority to consider, we believe that the SJA erred in not doing a better job of complying with his obligations under R.C.M. 1106(d)(3)(C).

■ At the same time, we do not believe this amounted to plain error entitling the appellant to relief. We note that the trial defense counsel failed to submit any comments with respect to the SJAR. This normally waives a later claim of error. R.C.M. 1106(f)(6). We can find no prejudice to the appellant's substantial rights. In his action, the convening authority stated that he had considered the record of trial. Defense Exhibit A was the relatively favorable enlisted performance evaluation which the appellant had received for the period January 1993–January 1994. Absent some evidence of substantial prejudice amounting to a potential "miscarriage of justice," we are unwilling to conclude that the SJA committed "plain error." *United States v. Lowry,* 33 M.J. 1035, 1037–38 (N.M.C.M.R.1991). This assignment of error is without merit.

## Defective Promulgating Order

Finally, the appellant contends that the court-martial promulgating order was not properly authenticated. We note that on 3 September 1997 this court granted the Government's motion to attach a faxed copy of the authenticated Special Court–Martial Order No. 9–96 of 24 April 1997, which is now part of the record. This renders this assignment of error moot.

## Conclusion

Accordingly, we affirm the findings of guilty and the sentence, as approved on review below.

Chief Judge DOMBROSKI and Judge SEFTON concur.