# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

―――――――――――――

### No. 201700253

―――――――――――――

### UNITED STATES OF AMERICA
*Appellee*

v.

### Tyler E. SALKINS
Private First Class (E-2), U.S. Marine Corps
*Appellant*

―――――――――――――

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Lieutenant Colonel Forrest W. Hoover, USMC (*arraignment*);
Major Emily A. Jackson-Hall, USMC (*trial*).

For Appellant: Captain Armando A. Rodriguez-Feo, JAGC, USN.

For Appellee: Captain Sean M. Monks, USMC;
Commander Chris D. Tucker, JAGC, USN.

―――――――――――――

Decided 23 October 2018

―――――――――――――

Before HUTCHISON, PRICE,[1] and TANG, *Appellate Military Judges*

―――――――――――――

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

―――――――――――――

―――――――――――――

[1] Senior Judge Price took final action in this case prior to detaching from the court.

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, in accordance with his pleas, of unauthorized absence, wrongful use of marijuana, and wrongful use of amphetamines in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a (2016). The military judge sentenced the appellant to 180 days' confinement, reduction to pay grade E-1, a $5,000.00 fine, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged. Pursuant to a pretrial agreement (PTA), the CA suspended all confinement in excess of time served as of the date of sentencing.

The appellant asserts that the military judge erred by awarding a $5,000.00 fine when he was convicted of only nonmonetary offenses where he was not unjustly enriched, and that a sentence which included a fine was inappropriately severe given the nature of his offenses.[2] Although not raised by the appellant, we find error in the post-trial processing of the appellant's case. Specifically, the staff judge advocate (SJA) failed to comment on the legal error raised by the appellant in his RULE FOR COURTS-MARTIAL (R.C.M.) 1105, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) matters. *See* R.C.M. 1106(d)(4).

After careful consideration of the entire record and in the interest of judicial economy, we will take appropriate action in our decretal paragraph. After that action, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant pleaded providently to the charged offenses.[3] The appellant and the government stipulated that he was an unauthorized absentee from

---

[2] This assignment of error was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] Pursuant to the PTA, the appellant pleaded and was found guilty *by exceptions* to the specification of Charge I alleging unauthorized absence terminated by apprehension. Although not raised as an assignment of error, we note that the specific language excepted, "terminated by apprehension," did not appear in the specification. Rather, the specification alleged that the appellant absented himself and did remain so absent "until he was apprehended[.]" Charge Sheet. "When a plea is ambiguous, the military judge should have it clarified before proceeding further." R.C.M. 910(b), Discussion. It is clear, however, from the providence inquiry and the stipulation of fact that the intent of the parties was for the appellant to plead guilty to an unauthorized absence which was terminated by his surrender. Under Article 59(a), UCMJ,

17 April 2016 until 13 February 2017—the date he surrendered to civilian authorities in Connecticut. The parties also stipulated that the appellant wrongfully used both marijuana and amphetamines one time between 31 March 2016 and 13 April 2016, and wrongfully used marijuana once between 3 and 17 February 2017.

After the SJA completed and submitted his SJA's recommendation (SJAR) to the CA, the appellant's trial defense counsel submitted matters pursuant to R.C.M. 1105, raising legal errors. The trial defense counsel claimed that during a post-trial debrief the military judge explained that her rationale for adjudging a fine was that the appellant had earned roughly $7,300.00 while in pretrial confinement and that the appellant's misconduct had cost the government significant money, time, and resources. The trial defense counsel argued that the military judge abused her discretion by considering evidence from outside the record because "the government never put forth any evidence of money, time or resource cost the government incurred due the [the appellant's] unauthorized absence and wrongful drug use."[4]

In a memorandum forwarding the proposed CA's action and the appellant's R.C.M. 1105 matters, the SJA noted that the trial defense counsel had submitted matters requesting the CA "disapprove the Bad-Conduct Discharge and the fine of $5,000.00," and that the CA was required to carefully consider these matters prior to taking his action.[5] While the memorandum from the SJA correctly noted that the CA could not disapprove the bad-conduct discharge, it made no reference to the legal error raised by the appellant and provided no opinion as to whether corrective action was warranted.

## II. DISCUSSION

R.C.M. 1106(d)(4) directs that: "[T]he staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in

---

10 U.S.C. § 859(a), this court may not hold incorrect a finding of a court-martial "unless the error materially prejudices the substantial rights of the accused." *See also United States v. Williams,* 47 M.J. 593, 595 (N-M. Ct. Crim. App. 1997) (absent some evidence of substantial prejudice, failure to detail appellant's service record in SJA's recommendation to CA did not entitle appellant to any relief). We do not find any possible prejudice, and grant the appellant no relief on the basis of a technical oversight by his trial defense counsel which the military judge and the CA failed to correct.

[4] R.C.M. 1105 matters of 1 Aug 2017 at 1-2.

[5] Staff Judge Advocate memo of 8 Aug 2017.

matters submitted under R.C.M. 1105 . . . ." Prior to taking final action, the CA must consider, *inter alia,* the R.C.M. 1105 matters submitted by the accused and the recommendation of the staff judge advocate. R.C.M. 1107(b)(3)(A).

Here, the record does not include the required advice from the SJA as to whether the alleged errors warranted "corrective action on the findings or sentence." R.C.M. 1106(d)(4). To the degree the SJA intended the forwarding memorandum to serve as an addendum to the SJAR, it nevertheless failed to address the trial defense counsel's allegation of legal error or state whether, in the SJA's opinion, corrective action should be taken. This constituted error.

We next determine whether that error was prejudicial to the substantial rights of the appellant. The threshold for establishing prejudice in post-trial processing is low, but an appellant must make at least "some colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436-37 (C.A.A.F. 2005) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Generally, when considering whether an appellant has been prejudiced by an error in the SJAR or SJAR addendum, we determine whether the convening authority "plausibly may have taken action more favorable to" the appellant if the convening authority had received the correct advice or information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996) (the test for prejudice caused by an SJA's failure to respond to an accused's allegations of legal error is whether the alleged error would have led to a favorable recommendation by the SJA or corrective action by the CA). The appellant's case meets the low threshold required. We do not know what advice the SJA might have given the CA concerning the legal errors raised by the trial defense counsel. But it is certainly "plausible" that the CA may have taken action more favorable to the appellant following that advice.

Having found a colorable showing of possible prejudice, we would typically set aside the CA's action and remand for new post-trial processing. *See United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988) ("[I]n most instances, failure of the staff judge advocate . . . to prepare a recommendation with the contents required by R.C.M. 1106(d) will be prejudicial and will require remand of the record to the [CA] for preparation of a suitable recommendation"). In an exercise of judicial economy, however, rather than remanding this case, we will only approve that part of the sentence that does not include a fine of $5000.00. *See* Article 66 (c), UCMJ.

### III. CONCLUSION

The findings, and only so much of the sentence as extends to a bad-conduct discharge, confinement for a period of 180 days, and reduction to the pay grade of E-1, are affirmed.

FOR THE COURT

RODGER A. DREW, JR.
Clerk of Court