*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HITESMAN, LAWRENCE, and STEPHENS,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Brad E. RESPONDEK**
Lieutenant (O-3), Nurse Corps, U.S. Navy
Appellant

**No. 201800176**

Decided: 4 December 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary, Military Judge: Captain Charles N. Purnell, JAGC, USN. Sentence adjudged 27 February 2019 by a general court-martial convened at the Washington Navy Yard, consisting of a military judge sitting alone. Sentence approved by the convening authority: confinement for five months, and a dismissal.

For Appellant: Commander Richard E.N. Federico, JAGC, USN.

For Appellee: Lieutenant Clayton S. McCarl, JAGC, USN; Lieutenant Kimberly Rios, JAGC, USN.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

STEPHENS, Judge:

A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of violating Article 134, Uniform Code of Military Justice (UCMJ),[1] for knowingly and wrongfully possessing child pornography.

Appellant asserts two assignments of error: (1) that the Government violated the double jeopardy clause of the Fifth Amendment to the United States Constitution when it prosecuted him at general court-martial after the State of Maryland prosecuted him for the same offense, and (2) that the military judge failed to call upon Appellant to enter a plea during pre-sentencing. We find no prejudicial error and affirm.

## I. BACKGROUND

In June and July of 2015, Maryland State Police (MSP) investigated "peer-to-peer" file sharing networks for users who were downloading child pornography. During the investigation, MSP found an internet protocol (IP) address they believe downloaded a child pornography video. After getting a grand jury subpoena to obtain the subscriber information for the IP address, MSP obtained a search warrant for the subscriber's home. The home was where Appellant lived with his Naval officer wife, their nearly three-year-old daughter, and his mother-in-law. Maryland State Police contacted the Naval Criminal Investigative Service and told them about the investigation. On 31 July 2015, MSP seized a variety of electronics from Appellant's home and arrested him for possession and distribution of child pornography. When MSP interviewed Appellant, he admitted to searching, downloading, and viewing child pornography for the last eight years.

Three months later, in a Maryland Circuit Court criminal proceeding, Appellant pleaded guilty pursuant to a pretrial agreement (PTA) to two counts of possession of child pornography under section 11-208 of the Maryland Criminal Code.[2] He was sentenced to two years' confinement at the Maryland Department of Corrections for each count, to run concurrently. All the confinement was suspended. Appellant was also sentenced to three years of supervised probation. One of the terms of his PTA was to register as a Tier I Sex Offender for 15 years.

---

[1] 10 U.S.C. § 934 (2012).

[2] MD. CODE ANN., CRIM. LAW § 11-208.

The following week, Appellant moved the Maryland court to reconsider his suspended sentence. Two weeks later, Appellant's commander filed a report of misconduct with Commander, Naval Personnel Command. Five months after that, in April 2016, while his reconsideration motion was still before the Maryland court, the Navy ordered Appellant to show cause for retention as a Naval officer at an administrative board of inquiry.

In June 2016, the Maryland court granted his motion and placed him on "probation before judgment" (PBJ) under section 6-220 of the Maryland Code[3] and ordered him removed from the Maryland Sex Offender Registry. This provision allows some first-time offenders to be placed on probation prior to an entry of judgment. After successful completion of probation, no conviction or judgment is ever entered. But Appellant's PBJ was unusual because he only completed approximately nine months of his three-year supervised probation period. He asked the Maryland Circuit Court judge to expedite his PBJ because of the Navy's pending board of inquiry. Soon after Appellant's PBJ, the Government learned he would not have a conviction upon completion of probation and that he was removed from the sex offender registry.

On 24 August 2016, Appellant's three-year-old daughter complained at her day-care of anal pain due to Appellant touching or penetrating her anus with either an object or his penis. Appellant's wife was adamant this was a misunderstanding based on their daughter's constipation. Nevertheless, the Government investigated and ultimately charged it before withdrawing it pursuant to a PTA.

The Government preferred charges on 11 April 2017 for one specification of violating Article 120b, UCMJ, rape of a child, and two specifications of violating Article 134, UCMJ, for distribution and possession of child pornography. An Article 32, UCMJ, preliminary hearing held on 14 June 2017 recommended general court-martial for all the charges and specifications. Eight days later, the convening authority notified the Judge Advocate General of his intent to prosecute Appellant, pursuant to paragraph 0124 of the Manual of the Judge Advocate General (JAGMAN).[4] That same day, the convening authority referred the charges and specifications to general court-martial.

When Appellant was arraigned the following month, he moved to dismiss the child pornography charges, arguing the Government could not prosecute him under the Fifth Amendment's Double Jeopardy Clause. The military

---

[3] MD. CODE ANN., CRIM. PROC. § 6-220.

[4] Appellate Exhibit (AE) VII at 11-12.

judge cited the dual-sovereignty doctrine and denied the motion. Appellant eventually entered into a PTA, and the Government withdrew and dismissed the sole specification under Article 120b, UCMJ, and the specification under Article 134, UCMJ, for distribution of child pornography. Appellant pleaded guilty only to possessing two digital images of child pornography. The military judge sentenced him to five months' confinement and a dismissal.[5]

## II. DISCUSSION

### A. The Dual-Sovereignty Doctrine

Because the Government prosecuted Appellant at general court-martial after the State of Maryland did so for the same conduct, he argues his constitutional right under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution was violated. We review constitutional questions of law de novo, and if error is found, "the Government must persuade us that the error was harmless beyond a reasonable doubt."[6]

The Supreme Court heard and decided *Gamble v. United States*[7] during Appellant's appeal. The case reviewed whether the "dual-sovereignty doctrine" allowed for a successive Federal prosecution after a state prosecution despite the Fifth Amendment's prohibition against double jeopardy. Appellant conceded that if the Court reaffirmed the dual-sovereignty doctrine, we could "resolve this assignment of error summarily and by a single footnote."[8] We agree with Appellant that the Court's decision is dispositive.

In *Gamble*, a divided Court held that an individual prosecuted in Alabama state court for violating its felon-in-possession-of-a-firearm statute could then be prosecuted in Federal court for the same instance of possession under Federal law. The Court held the double jeopardy clause prohibits successive prosecutions for the same "offence"–but that an offense is defined by a

---

[5] The convening authority acted on 4 June 2018. We note the convening authority failed to acknowledge the dismissal cannot be executed until a final review of the legality of the proceedings. Art. 71(c)(1), UCMJ (2012). Though incorrect, this is a "legal nullity." *See*, *United States v. Tarniecwicz*, 70 M.J. 543, 544 (N-M. Ct. Crim. App. 2011).

[6] *United States v. Bess*, 75 M.J. 70, 75 (C.A.A.F. 2016) (quoting *United States v. Hall*, 56 M.J. 432, 436 (C.A.A.F. 2002)).

[7] 139 S. Ct. 1960 (2019).

[8] Appellant's Reply Brief of 19 Feb 2019 at 3.

sovereign. Because Alabama and the United States are separate sovereigns, Gamble's offenses were separate under the Fifth Amendment.

What was true for Terrance Gamble is also true for Appellant, and everyone else subject to the Code. A convening authority acting on behalf of the sovereign United States may prosecute servicemembers for the same offense for which a different sovereign, such as a state, already prosecuted them. Our superior court has long recognized this principle.[9] "[T]rial by a court-martial is barred by the Code only if the accused has already been tried in a court which derives its authority from the Federal Government."[10]

Following the Court's re-affirmation of the dual-sovereignty doctrine, we find no constitutional error when the Government court-martialed Appellant after Maryland prosecuted him for the same offenses. [11]

## B. Entry of Pleas

"We review a military judge's decision to accept a guilty plea for abuse of discretion, and '[t]he appellant bears the burden of establishing that the military judge abused that discretion.'"[12] Appellant alleges the military judge failed to allow him to enter a plea of guilty, thus creating an ambiguity under RULE FOR COURTS-MARTIAL (R.C.M.) 910(b).[13] We disagree.

---

[9] *See*, *e.g.*, *United States v. Schneider*, 38 M.J. 387 (C.M.A. 1993); *United States v. Cuellar*, 27 M.J. 50 (C.M.A. 1989); *United States v. Stokes*, 12 M.J. 229 (C.M.A. 1982); *United States v. Murphy*, 7 U.S.C.M.A. 32 (C.M.A. 1956); *United States v. Sinigar*, 6 U.S.C.M.A. 330 (C.M.A. 1955). We have also followed the dual-sovereignty doctrine. *See*, *e.g.*, *United States v. Frostell*, 13 M.J. 680 (N.M.C.M.R. 1982); *United States v. Owens*, No. NMCCA 200100297, 2005 CCA LEXIS 182 (N-M. Ct. Crim. App. 17 Jun 2005) (unpub. op.).

[10] *Stokes*, 12 M.J. at 231 (citing *Grafton v. United States*, 206 U.S. 333 (1907)).

[11] We decline to analyze whether the Maryland "offenses" are the same as the court-martial "offenses" for purposes of our review. Appellant avers they are the same, though the Government disputes this. The record is not clear if the offenses are precisely the same, but assuming without deciding they are the same, the dual-sovereignty doctrine renders this question moot.

[12] *United States v. Price*, 76 M.J. 136, 138 (C.A.A.F. 2017) (quoting *United States v. Phillips*, 74 M.J. 20, 21 (C.A.A.F. 2015)) (citing *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014)) (alteration in original).

[13] RULE FOR COURTS-MARTIAL 910(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.).

Appellant and the Government negotiated a PTA. Appellant was required to plead guilty to Charge II, Specification 2, for possessing child pornography, in violation of Article 134, UCMJ. In exchange, the Government withdrew and dismissed the remaining specification from Charge II and the sole specification from Charge I, along with other consideration. On the day of the guilty plea, the military judge, after ensuring Appellant voluntarily waived the appearance of one of his civilian defense counsel, but without having Appellant explicitly make his pleas on the record, stated, "we're now going to have a discussion about your plea of guilty."[14]

From there, the military judge went through the normal lengthy colloquy concerning Appellant's rights. He reviewed the meaning of the stipulation of fact, the charge sheet, the elements of the specification for which he pleaded guilty, the relevant legal definitions, and conducted a lengthy providence inquiry. He reviewed the maximum possible punishments, the possible collateral effects of his plea, minor pen-and-ink changes to Part I of the PTA, and satisfaction with his defense counsel. He referenced Appellant's desire or intent to plead guilty approximately 50 times before finding him guilty–all without objection. From the record, it appears clear the parties scheduled an Article 39(a), UCMJ, hearing so Appellant could plead guilty according to his PTA–and that is exactly what happened.[15]

A military judge is guided by R.C.M. 910(b) when an accused refuses to plead at all, or makes a type of plea that falls outside the usual general or conditional pleas found in R.C.M. 910(a)(1) and (2). In such a case, the military judge is required to either clarify an ambiguous plea or enter a plea of not guilty to preserve an accused's full bundle of rights under the UCMJ. Because Appellant did not make an irregular plea–such as "guilty without criminality" or "guilty to a charge but not guilty to all specifications thereun-

---

[14] Record at 135.

[15] Although not raised by Appellant, we note the military judge admitted Prosecution Exhibit 8, a victim witness statement, and considered part of it expressly under R.C.M. 1001A (crime victim's right to be reasonably heard). This was improper due to the statement having no indication this particular victim was even aware of the case, much less desired to participate. But the point is moot because Appellant waived objection to such a document in his PTA. *See United States v. Arles*, No. NMCCA 201800045 (N-M. Ct. Crim. App. 13 Aug 2019) (unpub. op.). However, the military judge should have only considered Prosecution Exhibit 8 pursuant to R.C.M. 1001(b)(4).

der"[16]–there was nothing for the military judge to clarify. There was simply no confusion about what Appellant wanted to do. So, we decline to find Appellant "failed" to plead under R.C.M. 910(b) merely because the military judge did not verbally inquire and verify Appellant's pleas were identical to his written pleas in Part I of his PTA.

Appellant urges us to consider our holding in *United States v. Williams*[17] as dispositive. In *Williams*, a counsel unartfully pleaded his client guilty to the lesser offense of unauthorized absence under a desertion charge. After conducting a "comprehensive providence inquiry which provided an unassailable factual basis for the appellant's guilt, the military judge entered findings . . . ."[18] We stated then, "We have no doubt that if any of the trained trial participants had called the attention of the court-martial to the fact that the appellant had not pleaded properly, the military judge would have worked with the trial defense counsel to get it right."[19] Just as in *Williams*, we find that here "[t]he record of trial convinces [us] that the failure . . . was through inadvertence and constitutes a mere procedural error."[20]

Finding a procedural error, we now review for prejudice. We will not hold that a finding of a court-martial is incorrect absent an error materially prejudicial to the substantial rights of an appellant.[21] Because the "purpose of the procedure [was] not frustrated by what was done"[22] we decline to find any prejudice to Appellant.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined the approved findings and sentence are correct in law

---

[16] RULE FOR COURTS-MARTIAL 910(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), Discussion.

[17] 47 M.J. 593 (N-M. Ct. Crim. App. 1997).

[18] *Id*. at 594.

[19] *Id*.

[20] *Id*. (citation omitted).

[21] 10 U.S.C. § 859 (2012).

[22] *United States v. Jones*, No. NMCCA 201500099, 2015 CCA LEXIS 236 at *3 (N-M. Ct. Crim. App. 11 Jun 2005) (unpub. op.) (quoting *United States v. Napier*, 43 C.M.R. 262, 267 (C.M.A. 1971)).

and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59 and 66, UCMJ.

The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court